**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **CYTIMMUNE SCIENCES, INC.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-16-1010** |
| **GIULIO PACIOTTI,** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

In a Memorandum Opinion memorializing a ruling I made at the conclusion of an August 2016 bench trial, I denied CytImmune's Motion for a Preliminary Injunction, which sought to enjoin Defendant Giulio Paciotti from working at Senior Scientific, LLC pursuant to an Assignment of Inventions, Non-Disclosure, Non-Solicitation and Non-Competition Agreement ("Agreement") that Dr. Paciotti entered while working for the company. Mem. Op. 10, ECF No. 96. I found that CytImmune failed to establish any of the four elements it must under *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008) and *Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342 (4th Cir. 2009) to obtain preliminary injunctive relief. Mem. Op. 10. As part of my analysis, I found that the Agreement at issue is facially unenforceable and, therefore, that CytImmune had failed to demonstrate a likelihood of success on the merits. *Id.* at 4–8. CytImmune has moved for reconsideration of that ruling, arguing that I abused my discretion by raising *sua sponte* the facial invalidity of the non-competition

Agreement.  Pl.'s Mot. & Mem. 4–5, ECF No. 101.  CytImmune further contends that Dr. Paciotti waived a facial challenge to the Agreement based on arguments made in his Opposition to CytImmune's Motion to Disqualify Defense Counsel Jonathan Rose and his current firm.  *Id.* 3, 5–6.  Because a party seeking preliminary injunctive relief bears the burden of proving a likelihood of success on the merits, it was my obligation to address the facial validity of the non-compete Agreement.  Accordingly, I will deny CytImmune's Motion for Reconsideration.[1]

## Discussion

Rule 54(b) governs motions for reconsideration of orders such as the Order denying motions for preliminary injunctive relief "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b).  It provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *Id.*

The Fourth Circuit has not stated a standard for review of a Rule 54(b) motion, but it has said that, "generally at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nor is the standard for Rule 59(e) binding on review under Rule 54. *See Am. Canoe Ass'n*, 326 F.3d at 514; *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014). Nonetheless, "courts frequently look to these standards for guidance in considering such motions." *Cezair*, 2014 WL 4955535, at *1; *see also Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule

---

[1] The Motion is fully briefed, Pl.'s Mot. & Mem.; Def.'s Opp'n Reconsideration, ECF No. 106; Pl.'s Reply, ECF No. 113, and a hearing is not necessary, *see* Loc. R. 105.6 (D. Md.).

60(b) standard); *Harper v. Anchor Packing. Co.*, No. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014) (looking to Rule 59(e) standard); *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (applying Rule 59(e) standard). A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b) provides overlapping, but broader, bases for relief from a court order, including that there has been "mistake, inadvertence, surprise, . . . excusable neglect[,] . . . newly discovered evidence[,] . . . fraud . . . , misrepresentation, or misconduct"; that "the judgment is void" or "has been satisfied"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In keeping with these standards, this Court has held that "[a] motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." *Potter*, 199 F.R.D. at 552 n.1 (citations omitted). It "is not a license for a losing party's attorney to get a second bite at the apple." *Id.* at 552–53 (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988)). These "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (quoting *Potter*, 199 F.R.D. at 553).

CytImmune contends that, in finding the non-competition Agreement facially invalid, the Court erred by "*sua sponte* rais[ing] an argument that had not been advance [sic] (and in fact expressly waived) by Defendant." Pl.'s Mot. & Mem. 4. In support of its position, CytImmune

cites cases that address courts' limited authority to dismiss complaints based on affirmative defenses that defendants had failed to raise. *Id.* 4–5. In *Eriline Co., S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006), the Fourth Circuit reversed a district court's dismissal of a case after raising a statute-of-limitations defense *sua sponte*, *id.* 657. And in *Yancey v. Int'l Fid. Ins. Co.*, No. 1:16-cv-0057, 2106 WL 2997375, at *10 (E.D. Va. May 25, 2016), the Eastern District of Virginia declined to dismiss a case based on *forum non conveniens* where the defendants failed to raise and perhaps intentionally waived the argument.

Procedurally, this case is in a different posture than those cited by CytImmune. First, I did not dismiss CytImmune's Complaint; I found that it had not established its entitlement to a preliminary injunction. Second, I did not deny CytImmune's Motion for a Preliminary Injunction based on an affirmative defense that Dr. Paciotti neglected to raise but rather because CytImmune failed to meet *its* burden to demonstrate the facial validity of the non-competition Agreement. Mem. Op. 6–9; *see also Winter*, 55 U.S. at 20 (requiring party seeking preliminary injunction to demonstrate a likelihood of success on the merits); *MCS Servs., Inc. v. Jones*, No. WMN-10-1042, 2010 WL 3895380, at *3 (setting forth the requirements under Maryland law for enforceable non-compete agreements). In contrast to affirmative defenses, which courts generally cannot raise *sua sponte*, courts are obligated to deny preliminary injunctive relief when the movant fails to carry its burden to demonstrate a likelihood of success on the merits, even when the nonmovant does not direct the court's attention to the dispositive issue. For example, in *Pharmaceutical Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644 (2003) a Supreme Court plurality found that a district court erred when it granted a preliminary injunction against the enforcement of a Maine statute meant to lower the cost of prescription drugs, *id.* at 664–65. In that case, the movants sought a preliminary injunction on the ground that Medicaid preempted

the statute because it "imposes a significant burden on Medicaid recipients by requiring prior authorization in certain circumstances without serving any valid Medicaid purpose." *Id.* at 650. The district court granted the preliminary injunction "on the assumption that the program will serve no Medicaid purpose" because Maine insisted no such purpose was necessary to avoid preemption. *Id.* at 662. The Supreme Court faulted the lower court for failing to consider whether or not the statute did in fact serve a valid Medicaid purpose because "it was the [movant's] burden to show that there was no Medicaid-related goal or purpose served by" the Maine law. *Id.*[2] Here, as in *Walsh*, the Court may—and indeed must—deny preliminary injunctive relief where the movant has failed to carry its burden to demonstrate a likelihood of success on the merits, in this instance by neglecting to demonstrate that the Agreement at issue is legally enforceable.

CytImmune argues, however, that Dr. Paciotti waived any argument that the non-competition Agreement was facially invalid by conceding the issue in his filings with the Court. Pl.'s Mot. & Mem. 3. CytImmune only cites to Dr. Paciotti's Opposition to CytImmune's Motion to Disqualify his current counsel as evidence of waiver. *Id.* (quoting Def.'s Opp'n Disqualification 5, 17, 19, ECF No. 66.). But Dr. Paciotti did not express any view on the Agreement's facial validity in his Opposition to CytImmune's Motion for a Preliminary Injunction. *See* Def.'s Opp'n Mot. Prelim. Inj. 15–24, ECF No. 34. And the remarks that CytImmune highlights in Dr. Paciotti's Opposition to the Motion to Disqualify comprise a secondary argument against Defense Counsel Rose's disqualification. CytImmune's Motion to Disqualify argues that Defense Counsel Jonathan Rose and his current firm should be

---

[2] The dissenting Justices did not disagree that the district court possessed the authority consider *sua sponte* whether Maine's statute served a valid Medicaid purpose; rather they argued that "the plurality's *post-hoc* justifications for the [state statute's] burden on Medicaid beneficiaries rests on factual predicates that are not supported in the record." *Id.* at 688 (O'Connor, J., dissenting).

disqualified from representing Dr. Paciotti because Rose previously represented CytImmune while working at another firm.  Pl.'s Mem. Supp. Disqualification 1–2, ECF No. 27-1.  Dr. Paciotti's primary argument against disqualification is that "there is no evidence that Mr. Rose even reviewed the restrictive covenants, much less closely read them and offered the kind of substantive legal advice that might raise the first hint of conflict in this matter."  Def.'s Opp'n Disqualification 14.  And, in the alternative, Dr. Paciotti argues that "even if Mr. Rose had provided any advice regarding those restrictive covenants, which he did not, that advice certainly did not approach the issues for this case, namely whether the covenants are 'as applied' enforceable against Dr. Paciotti."  *Id.* at 14–15.  I decline to treat a secondary argument in an opposition to a collateral motion as an obstacle to the Court's consideration of the Agreement's facial validity, an essential inquiry for determining whether a Motion for a Preliminary Injunction to enforce a non-compete Agreement should be granted.

Dr. Paciotti also correctly notes that I ruled against CytImmune on the other three preliminary-injunction elements as well.  Def.'s Opp'n Reconsideration 2; *see also* Mem. Op. 9–10.  In response, CytImmune only points the Court to its initial briefing in support of preliminary injunctive relief but offers no argument for why the Court should reconsider its holding as to those factors.  Pl.'s Reply 2.  Accordingly, the other three preliminary-injunction elements are independent bases for denial of reconsideration.  *See Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 347 (4th Cir. 2009) (requiring movant to establish all four preliminary-injunction elements).

As a final matter, CytImmune urges the Court to revisit its finding that the non-competition Agreement cannot be saved through "blue-penciling."  It argues that the Agreement

can be saved by excising all of the terms from the relevant portion of Agreement except the following:

> As a material inducement to the Company to enter into this Agreement, I covenant and agree that without the Company's prior written consent, during my employment with the Company and for a period of two (2) years following the termination of my employment, whether such termination be with or without reason, I shall not enter the employ of any Competitor, nor engage during such period, directly or indirectly, voluntarily or involuntarily, as principal, agent, officer, employee or otherwise, anywhere in the United States.

Pl.'s Mot. & Mem. 8.   But, as I noted previously, one of the many problems with the non-competition Agreement is its incorporation of the document's exceedingly broad definition of the term "competitor," which encompasses:

> any person, firm, corporation, partnership or other business entity engaged in or about to become engaged in the production, licensing, sale, or marketing of any product or service: (a) which is substantially similar to or directly competitive with any product or service of the Company . . . ; or (b) which is based on technology of the kind or type acquired, developed or being developed, produced, marketed, distributed, planned, furnished or sold by the Company . . . ; or (c) with respect to which [the CytImmune employee has] acquired confidential information.

Mem Op. 5, 7 (quoting Agr. ¶ 7.1, Jt. Ex. 27).   CytImmune insists that the definition "as applied to CytImmune's current operations, would *only* include those companies using *nanometallic particles* in nanomedicine for cancer therapy."   Pl.'s Mot. & Mem. 8.   None of these limiting words appear in the Agreement's text, and, as noted previously, I "may not rearrange or supplement the language of the restrictive covenant" to save a facially invalid agreement.   Mem. Op. 7 (quoting *Deutsche Post Glob. Mail, Ltd. v. Conrad*, 116 F. App'x 435, 439 (4th Cir. 2004)).   But by placing a narrowing gloss on the Agreement's definition of the word "competitor" that does not appear in the Agreement itself, this is implicitly what CytImmune urges the Court to do.   The non-competition Agreement negotiated by CytImmune and Dr. Paciotti is facially invalid and cannot be saved through "blue-penciling."

**Conclusion**

Despite CytImmune's argument to the contrary, the Court can and must consider whether the party seeking a preliminary injunction has demonstrated a likelihood of success on the merits, even if the nonmovant fails to highlight the dispositive issue for the court to analyze. CytImmune did not carry its burden.  I also decline to find that Dr. Paciotti waived a facial challenge to the non-competition Agreement in his Opposition to CytImmune's Motion to Disqualify.  In any event, I also found that CytImmune failed to establish the other preliminary-injunction elements, and CytImmune offers no argument for reconsideration of those findings. Finally, CytImmune's argument in support of "blue-penciling" to save the non-competition Agreement would require the Court to do more than excise overly broad terms, which is not permitted in the Fourth Circuit.  For all these reasons, CytImmune's Motion for Reconsideration is denied.

**ORDER**

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is this 22nd day of November, 2016, hereby ORDERED that:

Plaintiff's Motion for Reconsideration, ECF No. 101, IS DENIED.


_____/S/_____
Paul W. Grimm
United States District Judge

jlb